is actually I'm going to make a motion. So I will recuse myself from its decision and hand it off to my colleagues. I move the admission of Ashley Allman Bolt, who's a member of the bar and is in good standing with the highest court of Georgia. I know because I swore her into that last week. I have knowledge of her credentials and I'm satisfied that she possesses the necessary qualifications. So Ashley's been my law clerk for the last year and I have to say getting to swear in your law clerks is probably right up there with getting to marry them. But it's a it's a wonderful thing and I'm happy to bring her to our bar. I have learned more about the state of Alabama in the last year than I ever thought I would, which is where Ashley is from. And all of the things I've learned were tremendously interesting. So thank you for bringing that into our lives. And I've really enjoyed getting to know your husband and your son and you have a wonderful family. And so thank you for clerking for me. And if my colleagues agree, I'd like to have you sworn into our bar. Well, I have a question. Why is the state bird? I can't object to that. All right. So I'm going to turn you over to Pete, Colonel Mark Steiner to swear you in. I do. Congratulations. Our first case for today is Kenneth Carpenter. Please proceed. Thank you very much, Your Honor. May it please the court, Kenneth Carpenter appearing on behalf of Mr. William Abel. Mr. Carpenter, on pages five and six of the blue brief, I'll read it to you. You argue that willful misconduct under Section 3.1, Note 3, requires more than the mere operation of a motor vehicle while under the influence of alcohol in violation of state law and the UCMJ because willful misconduct only occurs if the operation of the motor vehicle while under the influence of alcohol is shown to have been the proximate cause of the injury. Under what definition of proximate cause are you operating? The plain language of the regulation, Your Honor. The regulation says that the willful misconduct will not be determinative unless there is a proximate cause of the injury, disease, or death. And how do you define proximate cause? I don't define proximate cause, Your Honor, because the Secretary did not define proximate cause. The Secretary wrote this regulation that is the Secretary's requirement for a preclusion from the entitlement to service connection. And without evidence of that, which does not exist in this record, didn't exist at the time that service connection was granted, and did not exist at the time in which the proceedings were undertaken to sever, the criteria for severance cannot be met. So you're not causing any position on it? No, Your Honor. I don't believe that Mr. Abel has to, particularly in the context of severance. If this were a standard common law definition of actual cause, proximate cause is not. Yes, I believe you can. I don't think there's anything that prohibits that. I think that this Court, in interpreting, could take the plain meaning of that or the generally accepted legal meaning of proximate cause as the definition. But the question in this case is, and the error by the Veterans Court was, is that the Veterans Court relied upon what it referred to as cumulative and undebatable evidence at the time of the accident that he was operating while presumed under the influence of alcohol, in violation of both state law and the UCMJ, which is, in and of itself, Well, he had a blood test. Beg your pardon? As I recall the record, he had a blood test. That was the evidence that was added to the record that was the basis for the severance. But the problem with that, Honor, is that that, in and of itself, without more, does not show causation. It simply shows what was presumed. What more would you expect there to be? I mean, can you give me an example of what you're thinking of when you say that there needs to be more? Well, just to be clear, I'm not saying that. The regulation is saying that. No, but your point is that the blood alcohol test is not enough. So in thinking about this and thinking about future cases and what would be enough, I'm asking you, hypothetically, what would be enough? That there needs to be a causal connection, some medical evidence, some empirical evidence from accident reconstruction. But there is actual evidence, because he said so, that he was driving a motor vehicle. And I think he said he ran into a telephone pole. Is that correct? I believe that's correct, Your Honor. But the reason that that happened has not been tied to the... Isn't there a presumption when he's that far, well, when he's over the legal limit, but he's way over the legal limit. I mean, he's way over the legal limit when he gets to the hospital. Well, Your Honor, but being way over the legal limit doesn't rise to the legal requirement that the Secretary himself imposed on the definition of willful misconduct. And that is that there is some causal connection with having run into the tree that relates to his being under the influence. But one of the things I don't understand is all of this sounds like a fact question to me. Mr. Carpenter, the board expressly finds on page appendix 158 that the 1981 accident was the cause of the veteran's residual back and hip right disability. And the accident was caused by the veterans driving while intoxicated. So the board, as far as I can tell, made two express fact findings related to causation. And those are in fact fact findings. And I don't get to re-review them on appeal. So I just don't see how all of this isn't an exercise in me dismissing this case for a lack of jurisdiction. And if this court were reviewing the board's decision, Your Honor, I believe that would be correct. But this court is not reviewing the board's decision. This court is reviewing the veterans court decision. And the veterans court decision doesn't speak to causation. It doesn't adopt that finding by the veterans court. It doesn't speak to causation. If the veterans court had said that there was causation. I don't understand. The veterans court, are you suggesting the veterans court could substitute its own fact finding for causation over the board's No, absolutely not. Of course not. So the board found these facts. The fact that the veterans court doesn't mention them, I don't understand how they're any less present in this record. They're clearly present in the record. The averment of error by Mr. Abel is that the veterans court relied upon a misinterpretation of this regulation by not speaking to the question of proximate cause. And is cause, as you have indicated the board made the finding, sufficient to meet the requirement of 3.1 and 3 for the proximate cause of, you know, cause is in itself is not the same as the proximate cause, the direct cause, the immediate cause. So the board found that the accident was the direct cause of his injury and the accident was caused by his intoxication. And why is it that you think the veterans, so what is it you think the veterans court, how is it the veterans court erred as a matter of law in a way that I can review under these circumstances? I'm not following your argument. Well, Your Honor, the language in 3.301 which was cited by the government in their brief indicates that intoxication results must proximately and immediately result in the disability or death. Now, I think that that is a higher standard than the mere causation that you're referring to in the fact finding that was made by the board. And that when the veterans court did not address that question of causation, they relied upon a misinterpretation of the regulation in question here. Mr. Carter, let me ask you a housekeeping question. I should ask this up front. On page 25 of the red brief, the government says you didn't cite 38 CFR section 3.1 note 3 until your motion for reconsideration before the veterans court. Is that accurate? I didn't handle below, but I believe that that's correct statement for counsel below did not. Then why aren't those arguments waived? The veterans court in its decision described that very circumstance in their order. So that was the way that the veterans court understood the argument to be made whether that regulation was cited to or not. And I believe it's at page eight of the decision. I'm sorry. Maybe I can find it during the in between arguments. Just to clarify, I have a question. On appendix page eight, the veterans court expressly cites the July 1981 board fact finding talking about what caused his disability and then says, as the court has affirmed that determination, additional medical opinion evidence would not benefit the veteran. So what am I missing on page eight to nine? I understand it probably isn't spelled out quite as clearly as you would have liked to have seen, but they are expressly citing the board's finding. They're doing so in the context of whether a medical examination is additionally required. But the reason they're saying it's not required is because they say the board found that his disabilities were caused by the accident. So they're saying we don't need to have a medical exam because the board made this fact finding. And I'm saying, Your Honor, that in the definition that is provided in 3.1N3, the secretary himself has placed a higher burden of showing proximate cause for the resulting disability. And that that is a higher standard than the standard that was adopted by the board as well as the standard that was accepted by the veterans court. But you won't tell us what you want proximate cause to be? Well, Your Honor, I don't believe that's Mr. Abel's responsibility. Well, you agreed with me that it's a common law definition. I do. What's the common law definition? That the resulting disability is the, it repeats itself, the proximate cause of the injury or disability. And that, but that that is a higher... You have actual cause, but you also have proximate causation. That's correct. That's correct. I'm confused. I'm reading 3.1N3. Where is it that you think there is some other definition of proximate cause set out that I should conclude that the veterans court and the board erred as a matter of law in not applying? Where? In the regulation at 3.301C2 cited in the government's brief, I believe three separate times, the secretary himself says, the deliberate drinking of a known poisonous substance under the conditions that would raise a presumption to the effect that would be considered willful misconduct. If in drinking a beverage to enjoy its intoxicating effects, intoxication results approximately and immediately in disability or death will be considered the result of the person's willful misconduct. Okay. I think that hurts you, not helps you. What am I missing? Well, because it requires a specific finding that it was approximately and immediately. And that's what the board found as I read to you. And that's what the veterans court cited. The facts that they found equate to proximate cause. That's a problem. Would you like to save the remainder of your time? I would. Very good. Why don't we hear from the government? May it please the court. I'd like to start by addressing the Wait, wait, wait, wait. I have a question for you. Okay. Start that way. On page six of the red brief, you say that the board found Mr. Abel's account of a June 1981 motor vehicle accident in Korea not credible because he wasn't stationed in Korea in June of 1981. And you cite to the veterans court decision in support. And it says that, but the board decision, as far as I can tell, doesn't. What in the record supports the assertion that one, that he alleged a June 1981 accident, and two, that he wasn't stationed in Korea? I couldn't find it in there. Your Honor, well, to answer your first question regarding what is there to support a June 1981 accident, I'm not entirely positive whether your Honor is referring to the incident that the board, upon remand, was discussing as a possible cause. Within the factual record before the court, where did he allege a June 1981 accident in Korea? And what shows that he wasn't stationed there? Your Honor, I... I'm more curious than anything else, but I couldn't find it. Your Honor, I apologize. I think it's possible that the specific service records that indicate where he was stationed in June of 1981 did not make it into this specific appendix. However, the board and the veterans court did find that he was stationed in Texas, and he was in Kentucky at the time of this... But where's his allegation? Mortor vehicle accident. The allegation is not contained in the specific record itself, but again, I don't believe that Mr. Abel here is contesting before this court that he was stationed in Korea at the time. No, I just... As I said, it's housekeeping. I'm curious because I couldn't find it, and if you're going to say it, it should be there somewhere. Your Honor, I apologize. That was an oversight on our part to not include that specific allegation into the record. On... I raised note three in your statement that it wasn't raised until a motion for reconsideration. Is it your position that his arguments are waived? Your Honor, we are not, as we stated in our brief, or as we didn't state in our brief, we're not specifically raising the argument that the argument is waived, but I do want to note that Mr. Abel's argument... Or sorry, Mr. Carpenter's answer in response to Your Honor's question on that was that it wasn't waived because the way the Veterans Court referred to it was essentially addressing that standard even though it didn't specifically cite 3.1N, but I want to just assert to that point that the very fact that Mr. Carpenter concedes that the Veterans Court was basically discussing this standard undercuts his argument that there was basically an ignoring of the standard by the Veterans Court because Mr. himself concedes that the Veterans Court was referring to it. Moreover, Mr. Abel did raise 3.1N in a motion for reconsideration, so the Veterans Court did have some opportunity to address it even though it ultimately ended up denying the motion for reconsideration. But I'd like to turn to the jurisdictional argument for just a little bit. I believe that Your Honor was exactly correct in saying that what Mr. Abel is asking this court to do is that's not what's happening, but all of the arguments in the briefs make it abundantly clear that he is framing the sufficiency of evidence as a legal issue. Just a point, Your Honor, to a few places in Mr. Abel's briefs. He states, for example, on the reply brief at page 5 that the facts of record do not establish proximate cause and that on page 7 he states, without such evidence of not enough evidence on the record. Yes, but Mr. Carpenter is claiming not enough evidence of the record under the correct standard. And see, you can't sort of leapfrog over that. What do you understand the standard to be? What's proximate cause? Well, Your Honor, if we're going by the common law definition of proximate cause, and I believe this court has actually addressed this before to some extent, not in the setting of sovereign self-service connection, but this in the veteran's context, what proximate cause might be. For example, in its Aulis v. Shulkin decision, which we did not cite to in our brief, but I believe this court held that traditional notions of tort law apply regarding proximate cause and that one of the notions... Well, that would be true in the absence of a statute of regulation, but Mr. Carpenter claims there's a regulation at 3301 that modifies for purposes of application in this context what the standard should be. Well, Your Honor, I don't believe that there is a specific definition of what proximate cause means in this particular context. It just says it. Exactly, Your Honor. Rather, 3.1n and 3.301c both state proximate cause or proximately causing, but they don't state exactly what that means. Therefore, as this court held in Aulis, traditional notions of tort law regarding proximate cause should apply, and I think one of the standards that this court cited in that case, as far as what proximate cause is, is extending to foreseeable risk created by negligent conduct, and that directly contravenes counsel's arguments regarding what proximate cause should be constituted of in this specific scenario. It seems to me that Mr. Abel is somewhat conflating proximate cause with actual cause, and here the board specifically cited proximate cause, as Your Honor noted, and the Veterans Court specifically addressed Mr. Abel's arguments regarding proximate cause, and therefore there was no misinterpretation of proximate cause by the board or the Veterans Court, and what Mr. Abel is attempting to do is ask this court to reweigh the sufficiency of the evidence, and I'd just like to finish by stating that I believe that Mr. Abel's focus on 3.1n is a bit of a red herring in a way, because the actual finding made by the Veterans Court and ultimately by the board was whether severance of service connection was warranted. The standard for that is essentially whether that evidence, whether there was evidence that was not in front of the board at the time, or in front of the rating official at the time, that the severance connection was granted, and whether that would have manifestly altered the original decision, and here it does not appear that Mr. Abel is contesting either of those. Don't you have to, in order to determine whether it would have manifestly altered the decision, you have to consider this proximate cause issue? And to the extent that the board and the Veterans Court had to consider proximate cause or causation, they both did so and found that I think as the Veterans Court said, that Mr. Abel was misunderstanding what the error had to be, and whether there was clear and unmistakable error or undebatable error, and as the Veterans Court found, it's not that every single, while the board has to consider the facts underlying the error, that not every single fact underlying the error would have to be found to be undebatable. That would be an impossible standard to reach. Rather, it's the error itself that must be undebatable, and here the Veterans Court found that the board appropriately determined that the cumulative evidence demonstrated that the error was undebatable. Therefore, neither the Veterans Court nor the board erred, and if this court has no further questions, we respectfully ask that this court either dismiss Mr. Abel's appeal or affirm the Veterans Court decision. Thank you. Thank you very much. Mr. Carpenter, do you have some more time? So Mr. Carpenter, do you agree with the government's shorthand that approximate cause is foreseeability? No. Okay. Although I think if you use that definition, that there's nothing foreseeable about drinking and driving into a tree. That's not the approximate cause of having run into the tree, related to the fact that he happened to be over the legal limit. But I did want to... You say it's not legally foreseeable if you get really, really drunk and ride a motorcycle that you may run into something, a tree or not. Well, Your Honor, I think it's unfair to characterize a blood alcohol level of 0.12 as being really, really drunk. Just really drunk. Well, I think it's the qualification that creates the problem here, and the Secretary's regulations, in my view, address that problem. He was well over the legal limit. He was over the legal limit, Your Honor. There's no factual dispute about that. This feels a lot like a few good men. I strenuously object. Go ahead. Okay. For the record, Your Honor, at appendix 10, page 10 of the decision, in the first full paragraph, it says, Mr. Abel contends that to properly sever service connection for his back and hip disabilities, it must be undebatable that his BAC, or blood alcohol content, of 0.12 resulted in actual, not presumptive impairment, and that such impairment was not some unknown medical condition or road condition that was the proximate cause of the July 1981 motor vehicle accident. The court responds, however, what the law requires is that the VA demonstrate that the cumulative evidence of the facts upon which the initial grant of service connection was based are clearly and unmistakably erroneous, citing its decision and stalwart. That indicates, as I said in my earlier argument, that the court understood the causation argument, proximate cause argument, that was being made by Mr. Abel. And that does not address, and the Veterans Court did not address, the question of the requirements of the VA's own regulations that require that it be an immediate cause of the disability and that it be proximately the cause of the disability. Unless the panel has further questions, I have nothing further. Thank you, Mr. Carpenter. I thank both counsel. The case is taken under submission.